## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GARY L. SHOVER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO.** _____ |
| | § | |
| **NATURAL SHRIMP INCORPORATED,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Gary L. Shover ("Shover" or "Plaintiff") and files this his Original Complaint against Defendant Natural Shrimp Incorporated ("NSI" or "Defendant") and in support thereof would show the Court as follows:

### I.
### PARTIES

1.      Plaintiff is an individual who is a resident and citizen of the state of Oklahoma.

2.      Defendant NSI is a Nevada corporation with its principal place of business and registered office at 15150 Preston Road, Suite 300, Dallas, TX. 75428, and which can be served with summons by serving its registered agent, Gerald Easterling or anywhere else it may be found.

### II.
### JURISDICTION AND VENUE

3.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4.      This Court has personal jurisdiction over NSI because it has its principal place of business in the Northern District of Texas.

5.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. Section 1391, in that a substantial part of the events or omissions giving rise to the claims asserted occurred in this district and the Defendant has its principal office in the Norther District of Texas.

## III.
## BACKGROUND

6.      Plaintiff became a shareholder of Natural Shrimp Holdings, Inc., a Delaware corporation ("NSH") in May of 2008 for the first time. Plaintiff acquired 10,000 shares of common stock of NSH for an initial investment of $7,000. Thereafter, Plaintiff continued to invest in NSH, acquiring shares of common stock individually and in his 401k from December 2008 through September 2017.  In total, Plaintiff acquired 574,382 shares of the common stock of NSH, for a total purchase price of $161,929.

7.      On November 26, 2014, NSI, a public company formerly known as Multiplayer Online Dragon, Inc., entered into an asset purchase agreement with NSH pursuant to which NSI would acquire substantially all the assets of NSH. The assets of NSH consisted primarily of all of the issued and outstanding capital stock of Natural Shrimp Corporation and Natural Shrimp Global, Inc., certain real estate property located outside of San Antonio, Texas and shrimp-growing technology.

8.      On January 30, 2015, the asset purchase was consummated between NSI and NSH. Pursuant to the agreement, NSI issued 75,520,240 shares of common stock to NSH as consideration for all of the assets. As a result of the transaction, NSH held 88.62% of the issued and outstanding shares of NSI. Subsequently, pursuant to the agreement with NSH shareholders and the representations made to them at the time, the NSI common shares were supposed to be

exchanged for the privately held shares of NSH, some of which were held by Plaintiff, resulting in each shareholder of NSH getting the equivalent shares of the common stock of NSI. In the interim, the NSI shares of common stock were to be held beneficially for the shareholders of NSH, including Plaintiff.

9.      On August 15, 2018, NSH, which beneficially held the NSI shares for the NSH shareholders like Plaintiff, exchanged 75,000,000 shares of the common stock of NSI for 5,000,000 shares of newly issued Series A Preferred Stock, which had no rights to dividends— unlike the common shares. In addition, the Series A Preferred Shares were convertible into common shares with the consent of the majority of the holders of such shares—NSH.

10.      At that time, the NSI common shares were returned to the NSI treasury and cancelled. The exchange and/or distribution of the NSI common shares to shareholders of NSH, including Plaintiff, did not occur prior to the August 2018 conversion. In addition, the Series A Preferred Shares have not been converted to common shares that could be exchanged/distributed to the NSH shareholders. Rather, the NSH shareholders, including Plaintiff, have been provided with no shares of NSI, the company that acquired all of the assets in NSH.  Plaintiff has received nothing in direct violation of the agreement concerning the asset purchase.  Plaintiff's investment of almost $162,000 is worth zero today due to the breach of the agreement.

## IV.
## CAUSES OF ACTION

### COUNT ONE – BREACH OF CONTRACT

11.      Plaintiff incorporates paragraphs 1 – 10 above.

12.      The agreement is a valid and enforceable contract. Plaintiff has fulfilled its obligations under the Agreement.

13.    NSI breached its obligations under the agreement by not having NSH exchange or distribute the NSI common shares, which were the consideration for the purchase of substantially all the assets of NSH.  As of August 2018, those shares of NSI common stock representing the consideration for the asset purchase have been retired to treasury and cancelled. As a result of Defendant's breach, Plaintiff has suffered damages which it is entitled to recover from NSI.

## V.
## ATTORNEYS' FEES

14.    As a result of NSI's actions described herein, Plaintiff was required to retain the undersigned counsel to prosecute the claims set forth herein. Plaintiff is therefore entitled to recover its reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 et seq., or as otherwise allowed by law.

## VI.
## CONDITIONS PRECEDENT

15.    All conditions precedent to bringing this action have occurred or have been waived by Defendant.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear herein and upon trial hereof, Plaintiff recover judgment against Defendant for:

1. Monetary damages in excess of $161,000 or an equivalent number of common shares of stock of NSI;

2. Prejudgment and post-judgment interest as provided by law;

3. Costs of court;

4. Attorneys' fees; and

5. Such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF W. STEVEN WALKER**

*/s/ W. Steven Walker*

W. Steven Walker
State Bar No 20736700
6443 Las Colinas Blvd.
Irving, Texas  75039
Tel: (972) 773-9713
Fax: (972) 528-5187
swalker@wswalkerlaw.com


**ATTORNEY FOR PLAINTIFF
GARY L. SHOVER**

---